JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John Bentivengna
2008 Second Place
South Plainfield, NJ 07080

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert E. Myers, Esquire
Coffey Kaye Myers & Olley
333 E. City Avenue, Suite 718, Bala Cynwyd, PA 19004

## DEFENDANTS
New Jersey Transit Rail Operations, Inc.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Employers' Liability Act, 45 U.S.C §51 et seq.
Brief description of cause:
Plaintiff sustained personal injuries during his employment with New Jersey Transit on November 3, 2015

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/28/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BENTIVENGNA<br>        Plaintiff, | : CIVIL ACTION<br>:<br>: NO.: |
| v. | : |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC.<br>        Defendant | : JURY TRIAL DEMANDED<br>: |

## CIVIL ACTION COMPLAINT

1. The plaintiff herein is John Bentivegna, a citizen and resident of the State of New Jersey, residing therein at 2008 Second Place, South Plainfield, New Jersey 07080.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §20301, et seq., and "The Federal Locomotive Inspection Act," Title 49 U.S.C.A., §20701, et seq.

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or

employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

8. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

9. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

10. On or about November 3, 2015, at NJT's Raritan Yard, at or near Raritan, New Jersey, and for some time prior thereto, Plaintiff was employed by defendant New Jersey Transit Rail Operations Inc.

11. On the aforementioned date, and at the aforementioned time, plaintiff was working as a railroad conductor.

12. On the aforementioned date, and at the aforementioned time, plaintiff's train finished its trips and was being secured.

13. On the aforementioned date, and at the aforementioned time, plaintiff was in the process of applying a handbrake on a rail car.

14. The handbrake in question was a pump-type hand brake.

15. On the aforementioned date, and at the aforementioned time, plaintiff was properly positioned while pumping and/or applying the handbrake.

16. While plaintiff was moving the handbrake in an upward position, the aforementioned handbrake suddenly and without warning stopped and jammed, causing plaintiff to experience immediate pain in his back and further causing him to sustain the serious, painful and permanent personal injuries set forth herein.

17. A properly and efficiently functioning handbrake does not stop suddenly and jam. The action of the aforementioned handbrake was abnormal and was caused by a defective, inefficient and unsafe condition.

18. The aforementioned accident was caused by the negligence and carelessness of the defendant, its agents, servants, workman and/or employees, and was further caused by its violation of the Federal Safety Appliances Act, and the Federal Employers' Liability Act.

19. The negligence of the defendant consisted of the following:

    (a) Failing to inspect the subject handbrake;

    (b) Failing to discover the unsafe, defective, broken and inefficient condition of the subject handbrake;

    (c) Failing to properly repair the subject handbrake;

    (d) Failing to properly maintain the subject handbrake;

(e)    Requiring plaintiff to work with a handbrake that was defective, broken, and improperly operating and/or inefficient; and

(f)    Failing to warn plaintiff of these dangerous conditions.

20.    The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Locomotive Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

21.    As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries to the lower back; a herniated disc at L5-S1; bulging disc L4-L5; lumbosacral radiculopathy; and injury to the lumber spine. Plaintiff suffered nerve damage to the entire spine. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

COFFEY KAYE MYERS & OLLEY

BY: _____
ROBERT E. MYERS
LAWRENCE A. KATZ
Attorneys for Plaintiff
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
610-668-9800